IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES M. MORRIS | ) |
| | ) |
| v. | ) NO. 3:11-0916 |
| | ) |
| TENNESSEE DEPARTMENT OF | ) |
| CORRECTION, et al. | ) |

TO: Honorable Kevin Sharp, District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered November 9, 2011 (Docket Entry No. 10), this prisoner civil rights action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 42) filed by Defendants Reuben Hodge, Derrick Schofield, Michael Allen, and William Marks, in which Defendant Dwight Barbee has joined. See Docket Entry Nos. 86 and 89. The plaintiff has filed a response (Docket Entry No. 51) in opposition to the motion. For the reasons set out below, the Court recommends that the motion be denied.

## I. BACKGROUND

The plaintiff, proceeding pro se and in forma pauperis, is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Northeast Correctional Complex. He

filed[1] this action seeking relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred during his confinement at the Charles Bass Correctional Complex ("CBCX") in 2011. Named as defendants are TDOC Commissioner Derrick Schofield, TDOC Assistant Commissioner Reuben Hodge, CBCX Warden Dwight Barbee, and CBCX employees Michael Allen, William Marks, and Charles Atkisson.[2] Although the plaintiff also named "Tennessee Dept. of Corrections (sic)" ("TDOC") as a defendant in the caption of his complaint, he did not list it as a defendant in the body of the complaint nor return a summons for the TDOC and never sought service of process upon this defendant. Accordingly, the Court views the plaintiff as having abandoned his claims against the TDOC and does not consider the TDOC as a defendant in this action.

At approximately 8:00 p.m. on April 5, 2011, the plaintiff was returning to the CBCX from his work release assignment outside the prison and, in accordance with the routine procedure for prisoners returning to the CBCX from work release, he was required to submit to a strip search. On the day in question, Officer Charles Atkisson conducted the search and contended that the plaintiff attempted to evade the search by trying to flush something down in a nearby toilet and, in the process, pushed Officer Atkinson. The plaintiff denies that he had any contraband or tried to flush

---

[1] The plaintiff originally filed his action in the Chancery Court for the 20th Judicial District of Tennessee. However, the action was transferred to the United States Court for the Middle District of Tennessee on September 27, 2011. See Docket Entry No. 1.

[2] It appears from the Notice filed by Defendant Schofield (Docket Entry No. 79) that the Defendant's correct name is Christopher Attksson, see also Docket Entry No. 91, although in his motion to file under seal, Defendant Schofield spelled his surname "Attkinsson." The Marshal mailed the summons and complaint to Defendant Attkisson by certified mail and the return receipt card was signed on June 28, 2012. Although the name is not very legible, it appears to have been signed by"Shaen Attkisson." See Docket Entry No. 78. Defendant Attkisson has not entered an appearance in this case.

anything down the toilet. Instead, he alleges that he lost his balance while the officer searched his socks and fell backwards, accidently flushing the toilet as he tried to regain his balance. The plaintiff denies assaulting the officer in any manner.

As a result of this incident, the plaintiff was placed in Involuntary Administrative Segregation ("IAS") that night. Two days later, on April 7, 2011, a disciplinary hearing was conducted before a CBCX disciplinary board and the plaintiff was found guilty of the offense of Assault on Staff. He was punished with a $5.00 fine, job termination, 12 months of package restriction, six months of visitation restriction, six months of telephone restriction, 30 days of punitive segregation, a recommendation for placement in administrative segregation, and the loss of six months of good/honor time. See Docket Entry No. 1-1, at 17-18. The plaintiff unsuccessfully appealed the disciplinary conviction through the internal TDOC administrative appeal process to CBCX Warden Barbee and then to TDOC Assistant Commissioner Hodge and TDOC Commissioner Schofield. Id. at 21-27. It appears from filings made in the action that the plaintiff, despite being transferred from the CBCX to another TDOC institution, remained on IAS until at least April of 2012. See Docket Entry No. 76-1 and 77, at 2, ¶ 10.

In his original complaint (Docket Entry No. 1) and amended complaints (Docket Entry Nos. 12 & 24), the plaintiff alleges that internal TDOC policies were not followed in his IAS placement and in the disciplinary proceeding brought against him and that there was no basis to place him in IAS prior to his being found guilty on a disciplinary charge. He contends that the disciplinary charge was false and inconsistent with his history of appropriate behavior while incarcerated and with the fact that he was approaching a parole eligibility date. He further contends that he has suffered a significant hardship because of his placement in IAS, the loss of his work release job and

3

good time/honor credits which is sufficient to trigger a protected interest and that his Fourteenth Amendment Due Process rights were violated because: 1) he was not given a copy of the disciplinary charge prior to the hearing and thus was not provided with prior notice of the charges against him; 2) he was not permitted to call witnesses on his behalf; and 3) he was not permitted to examine the accusing officer.

## II. MOTION TO DISMISS AND RESPONSE

Defendants Schofield, Hodge, Allen, Marks, and Barbee seek dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure contending that the plaintiff fails to state a claim against them upon which relief can be granted. The only argument raised in their motion is that the plaintiff fails to make any allegations of personal wrongdoing against them in his amended complaint and, thus, has not shown a basis for claims of individual liability against them under 42 U.S.C. § 1983. See Memorandum in Support (Docket Entry No. 43).

In response, the plaintiff argues that his original complaint specifically named the defendants and listed their respective positions. He contends that they each had a role in the disciplinary proceedings brought against him that is sufficient to support claims of individual liability against them.

## III. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor

4

of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

## IV. CONCLUSIONS

The Court finds that the Defendants' motion places form over substance and should be denied. While it is correct that the plaintiff, in large part, does not set out factual allegations which are specific to each individual defendant and that he refers to the defendants collectively in his pleadings, this is not a case in which a prisoner plaintiff names numerous prison officials without any reference to the actions they are alleged to have taken, causing both the Court and the defendants to guess at what the claims and allegations against them may be. It is readily apparent from the context of the plaintiff's factual allegations and the attachments to his pleadings what roles the Defendants had in the alleged wrongdoings. Defendants Allen and Marks were members of the disciplinary board which convicted the plaintiff of the disciplinary offense, Defendant Barbee is the CBCX Warden who heard and denied the first level of appeal and who approved the plaintiff's placement in IAS, and Defendants Hodge and Schofield are the TDOC officials who heard and denied the plaintiff's final level of appeal. The Court notes that the pleadings filed by pro se plaintiff's are to be given a liberal construction. See Boswell, supra. With such a construction, it is clear to the Court that the plaintiff has not sued any of the Defendants merely because they are supervisory officials at the CBCX or within the TDOC.

In reaching this conclusion, the Court makes no determination of whether the plaintiff's underlying Section 1983 claims have legal merit under the prevailing law as it pertains to prison disciplinary proceedings, disciplinary appeals, and placement in administrative segregation, but merely that the sole argument made by the Defendants in their motion is not persuasive and that the pleadings submitted by the plaintiff are sufficient to alert the Defendants to the nature of and the factual basis for the claims brought against them.

6

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 42) of Defendants Reuben Hodge, Derrick Schofield, Michael Allen, William Marks, and Dwight Barbee be DENIED and the Defendants be ORDERED to file answers in this action.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge