IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES M. MORRIS )
 )
 v. ) NO. 3:11-0916
 )
TENNESSEE DEPARTMENT OF )
CORRECTION, et al. )

TO:  Honorable Kevin Sharp, District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered November 9, 2011 (Docket Entry No. 10), this prisoner civil rights action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment (Docket Entry No. 129) filed by Defendants Reuben Hodge, Derrick Schofield, Michael Allen, William Marks, Dwight Barbee, and Charles Attkisson.  The plaintiff has filed a response in opposition to the motion.  See Docket Entry Nos. 144-147.  For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

# I. BACKGROUND

The plaintiff, proceeding pro se and in forma pauperis, is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Northeast Correctional Complex. He filed[1] this action under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred during his confinement at the Charles Bass Correctional Complex ("CBCX") in 2011. Named as defendants are TDOC Commissioner Derrick Schofield, TDOC Assistant Commissioner Reuben Hodge, CBCX Warden Dwight Barbee, and CBCX employees Michael Allen, William Marks, and Charles Attkisson.[2]

At approximately 8:00 p.m. on April 5, 2011, the plaintiff was returning to the CBCX from his work release assignment outside the prison and, in accordance with the routine procedure for prisoners returning to the CBCX from work release, he was required to submit to a strip search. On the day in question, Officer Attkisson conducted the search. Attkisson asserted that the plaintiff attempted to evade the search by trying to flush something down a nearby toilet and, in the process, the plaintiff pushed him. As a result of this incident, the plaintiff was placed in Involuntary Administrative Segregation ("IAS") that night. Two days later, on April 7, 2011, a disciplinary hearing was conducted before a CBCX disciplinary board. The plaintiff was found guilty of the offense of Assault on Staff and was punished with a $5.00 fine, a job termination, 12 months of

---

[1] The plaintiff originally filed his action in the Chancery Court for Davidson County, Tennessee. However, the action was transferred to the United States Court for the Middle District of Tennessee by Order entered September 21, 2011. See Docket Entry No. 1, at 1.

[2] Although the plaintiff also named "Tennessee Dept. of Corrections (sic)" ("TDOC") as a defendant in the caption of his complaint, he did not return a summons for the TDOC and never sought service of process upon this defendant. Accordingly, the Court views the plaintiff as having abandoned his claims against the TDOC and does not consider the TDOC as a defendant in this action.

2

package restriction, six months of visitation and telephone restrictions, 30 days of punitive segregation, a recommendation for placement in administrative segregation, and the loss of six months of good/honor time credits. See Docket Entry No. 1-1, at 17-18. The plaintiff unsuccessfully appealed the disciplinary conviction through the internal TDOC administrative appeal process to CBCX Warden Barbee and then to TDOC Assistant Commissioner Hodge and TDOC Commissioner Schofield. Id. at 21-27. The plaintiff was subsequently transferred from the CBCX to the Morgan County Correctional Complex on April 26, 2011, and remained on IAS until early May of 2012. See Docket Entry No. 133, at 23.

The plaintiff denies that he had any contraband or tried to flush anything down the toilet. Instead, he alleges that he lost his balance while the officer searched his socks and he fell backwards, accidently flushing the toilet as he tried to regain his balance. The plaintiff also denies assaulting the officer in any manner. In his original complaint (Docket Entry No. 1) and amended complaints (Docket Entry Nos. 12 & 24), the plaintiff alleges that internal TDOC policies were not followed during the IAS placement and the disciplinary proceeding and that there was no basis to place him in IAS prior to his being found guilty on a disciplinary charge. He contends that the disciplinary charge was false and inconsistent with his history of appropriate behavior while incarcerated and with the fact that he was approaching a parole eligibility date. He further contends that he has suffered a significant hardship because of being placed in IAS and the loss of his work release job and good time/honor credits which is sufficient to trigger a protected interest. The plaintiff alleges that his Fourteenth Amendment Due Process rights were violated because: 1) he was not given a copy of the disciplinary charge prior to the hearing and thus was not provided with prior notice of the charges against him; 2) he was not permitted to call witnesses on his behalf; and 3) he was not

3

permitted to examine the accusing officer. As relief, he seeks damages and injunctive relief, including expunging the disciplinary offense, reinstating lost sentence credits, and transferring him back to the CBCX.[3]

The plaintiff was permitted to file two amended complaints. See Docket Entry Nos. 12, 16, 19, and 23-24. Defendants Hodge, Schofield, Allen, Marks, and Barbee moved to dismiss the action asserting that the plaintiff's allegations failed to state a claim upon which relief could be granted. See Docket Entry No. 42. By Order entered September 28, 2012 (Docket Entry No. 97), the Court accepted the Report and Recommendation (Docket Entry No. 94), and denied the motion to dismiss and ordered that the Defendants file answers in the action. A joint answer (Docket Entry No. 98) for all Defendants was filed, and a scheduling order (Docket Entry No. 108) was entered setting out deadlines for pretrial activity in the action.

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

The Defendants argue that a prison inmate's short term placement in IAS is not sufficient to trigger constitutional protections, but that the plaintiff was nonetheless afforded a constitutionally adequate review process. The Defendants assert that allegations that TDOC or CBCX policies were violated do not raise constitutional claims because the violation of an internal prison policy does not violate the Constitution. Finally, the Defendants argue that the plaintiff cannot pursue a claim under Section 1983 seeking to overturn his disciplinary conviction and to have sentence credits reinstated because such a claim implicates the duration of his sentence and that he must first have the disciplinary conviction overturned before pursuing claims under Section 1983. In support of their

---

[3] The plaintiff also requested his release from IAS, but that request is now moot.

4

motion, the Defendants rely upon the Affidavit of Michael M. Allen (Docket Entry No. 132), the Affidavit of Sherry D. Oody (Docket Entry No. 133), and excerpts from the Plaintiff's deposition (Docket Entry No. 134).

The plaintiff responds by arguing that there were numerous violations of prison policies and that he was not provided with the procedural protections required by Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). He further disputes that he was provided with adequate process upon his placement in IAS. The plaintiff supports his response with excerpts from the Defendants' discovery responses, copies of TDOC policies, and copies of his employment check stub, his prison disciplinary history, and a printout of his sentencing status. See Docket Entry No. 147.

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary

judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

## IV. CONCLUSIONS

After review of both parties' filings, the Court finds that summary judgment should be granted to the Defendants as a matter of law.

A. Due Process Claim Based on the Prison Disciplinary Proceeding

The plaintiff contends that he was denied required procedural protections in the disciplinary proceeding that resulted in his conviction of a prison disciplinary offense. As part of his requested relief, he seeks the restoration of six months of program and honor sentence credits that were taken from him as punishment for the disciplinary conviction. See Complaint (Docket Entry No. 1-1), at 12; Second Amended Complaint (Docket Entry No. 24), at 10; Memorandum of Law (Docket Entry No. 146), at 14. Accordingly, success on his claim would thus directly impact the length of his current sentence.

However, a claim which directly or indirectly challenges the duration of imprisonment cannot be brought under 42 U.S.C. § 1983. In Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the United States Supreme Court held that a prison inmate's action for the restoration of good-time credits is in effect a demand for immediate release or for a shorter period of detention and therefore lies at "the core of habeas corpus" and cannot be pursued in an action brought under 42 U.S.C. § 1983. The Supreme Court revisited the issue over twenty years later in Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). In Edwards, the Supreme Court specifically held that a prison inmate, even if he does not seek restoration of sentence credits, cannot bring a claim under Section 1983 challenging a prison disciplinary proceeding that resulted in the forfeiture of good time credits until the outcome of the prison disciplinary proceeding

7

has first been overturned via state or federal post-conviction remedies. 520 U.S. at 646-48. See also Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); LaFountain v. Harry, _F.3d_ , 2013 WL 2221569 (6th Cir. May 22, 2013). Because the plaintiff seeks to have the disciplinary conviction overturned and seeks the restoration of sentence credits, his Due Process claim falls squarely within the Heck/Balisok doctrine.

The interplay between habeas corpus relief and Section 1983 claim is legally complex and it is certainly understandable that the pro se plaintiff believes that he is entitled to relief via his Section 1983 action. However, he has not set forth any legal basis that would remove his Due Process claim from the scope of the Heck/Balisok doctrine and his claim must be dismissed.

B. Due Process Claim Based on IAS Placement

The plaintiff asserts that his Due Process rights were violated upon his placement in IAS. He disputes that there was a valid reason for his placement in IAS and disputes that he was afforded any manner of process prior to his placement in IAS. He further contends that TDOC policies were not followed regarding his placement in IAS. The plaintiff's allegations simply fail to support a constitutional claim.

Initially, the failure of a prison official to follow an internal prison policy is not sufficient to support a constitutional claim. See Black v. Parke, 4 F.3d 442, 448 (6th Cir. 1993); Barber v. City of Salem, Ohio, 953 F.2d 232, 240 (6th Cir. 1992).

With respect to constitutional due process protections, the Fourteenth Amendment's Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. See Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). In

8

Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court held that a prisoner is entitled to the protections of due process only when the complained about deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Without a protected liberty interest, a prisoner-plaintiff cannot successfully claim that his due process rights were violated because "[p]rocess is not an end in itself." Olim v. Wakinekona, 461 U.S. 238, 250, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983).

The manner of an inmate's confinement while in prison is generally a matter for the discretion of prison officials and does not implicate due process protections. See Carter v. Tucker, 69 Fed.Appx. 678 (6th Cir. July 1, 2003); Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir. 1995); Ward v. Dyke, 58 F.3d 271, 274 (6th Cir. 1995). An inmate's placement in administrative segregation normally does not give rise to a protected liberty interest because such a placement does not constitute an atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life. See Sandin, 515 U.S. at 484; Jones v. Baker, 155 F.3d 810, 812 (6th Cir.1998); Mackey v. Dyke, 111 F.3d 460, 463 (6th Cir.), cert. denied, 522 U.S. 848, 118 S.Ct. 136, 139 L.Ed.2d 84 (1997); Rimmer-Bey, supra.

The plaintiff has not shown any persuasive basis for concluding that his placement in IAS rose to the level of an atypical and significant hardship in relation to the ordinary incident of prison life. He argues that being given a maximum security classification implicates a liberty interest because it causes harsh and isolating conditions and because it renders him ineligible for parole. See Docket Entry No. 146, at 8. This argument is without merit. A prisoner has no constitutional right to be held in a specific security classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9, 97 S.Ct.

9

274, 50 L.Ed.2d 236 (1976); Dominque v. Weld, 73 F.3d 1156, 1160 (6th Cir. 1996); Newell v. Brown, 981 F.2d 880, 883 (6th Cir. 1992); Beard v. Livesay, 798 F.2d 874, 876 (6th Cir. 1986). Furthermore, the Constitution does not create a fundamental right to parole release, Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), and Tennessee law and regulations do not create a liberty interest in release on parole. Wright v. Trammell, 810 F.2d 589, 591 (6th Cir.1987). Although the plaintiff argues that his placement on IAS was indefinite, he has not shown that he was kept in IAS for an excessive length of time and he was released after being on IAS for approximately one year. As such, his claim differs from the situation raised in Harden–Bey v. Rutter, 524 F.3d 789 (6th Cir. 2008) (inmate's allegation of confinement in administrative segregation for over three years was sufficient to raise question about whether such confinement was atypical and significant in relation to the ordinary incidents of prison life). In addition, there is no evidence that any of the Defendants had any role in the plaintiff's continued placement in IAS after his transfer from the CBCX to the Morgan County Correctional Complex.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 129) filed by Defendants Reuben Hodge, Derrick Schofield, Michael Allen, William Marks, Dwight Barbee, and Charles Attkisson be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which

objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge